**FILED**

AUG 1 7 2017

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| RICHARD DOUGLAS REINERT, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>BILLINGS POLICE DEPARTMENT,<br>YELLOWSTONE COUNTY DETENTION<br>FACILITY, and RIVERSTONE HEALTH<br>CLINIC,<br><br>Defendants. | CV 16-00154-BLG-DWM-JCL<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS OF UNITED<br>STATES MAGISTRATE JUDGE |

Plaintiff Douglas Reinert, Jr., appearing pro se, brings this action under 42

U.S.C. § 1983 for alleged violations of his constitutional rights by the various

Defendants.  Pursuant to its review under 28 U.S.C. §§ 1915, 1915A, the Court

finds as follows:  (1)  Defendants Tucker, Krivitz, and Richardson will be required

to serve a responsive pleading to Count I of Mr. Reinert's Complaint alleging he

was denied medical care and due process but Mr. Reinert's claims of denial of

access to a toilet and failure to document his injuries on December 21, 2013

should be dismissed; and (2) Defendants Billings Police Department, Yellowstone

County Detention Facility ("YCDF"), Riverstone Health Clinic–Billings, City of

Billings, Yellowstone County, and the Yellowstone County Sheriff should be

dismissed.

# I. STATEMENT OF CASE

## A. Parties

In his original Complaint, Mr. Reinert named the following Defendants: Billings Police Department, YCDF, and the Riverstone Health Clinic–Billings. (Complaint, Doc. 2 at 4-5.) These Defendants were not named in the Amended Complaint and will be recommended for dismissal. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) ("after amendment the original pleading no longer performs any function and is 'treated thereafter as non-existent,' . . . ")

In his Amended Complaint, Mr. Reinert named the following Defendants: Billings Police Department Detectives Tucker, Krivitz, and Richardson, the Yellowstone County Sheriff between 2013 and 2015, the head nurse of the YCDF branch of Riverstone Health in 2013, the City of Billings, and Yellowstone County. (Amd. Cmplt., Doc. 6 at 7.)

## B. Allegations

### 1. Billings, Montana Police Department

On December 21, 2013, Mr. Reinert was arrested for deliberate homicide by Billings, Montana Police Department Officers. He alleges that prior to his arrest he had sustained a broken ankle as well as numerous abrasions and bruises. He

asserts he expressly advised the Billings Police officer interrogating him of his injuries. But according to Reinert, the officers did not seek medical treatment for his purported injures nor take photographs of the injuries. (Complaint, Doc. 2 at 6.)[1] He also alleges that during the nearly three hour interrogation, he was denied access to a restroom, he was not given his Miranda rights until the end of the interview, and transferred to the YCDF for booking without being afforded the opportunity to speak with an attorney. (Amd. Cmplt., Doc. 6 at 8.)

Mr. Reinert advances denial of medical care and denial of due process claims against Detectives Tucker, Krivitz, and Richardson and the City of Billings. He argues that each of the Detectives on staff at Billings Police Department the night of December 21, 2013, were responsible for the investigation and interrogation of Mr. Reinert. He contends they should have taken him to the hospital for treatment of his injuries and should have allowed him access to a restroom. Further he claims the City of Billings is responsible for any misconduct of its staff and for the policies to which its staff must adhere.

---

[1] Although the amended complaint supersedes the original complaint, the Court must liberally construe Mr. Reinert's pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") Therefore, the Court will consider facts set forth in the original Complaint even if they were not set forth in the amended complaint.

## 2. Yellowstone County, Montana

Mr. Reinert was transferred to YCDF in the early morning hours of December 22, 2013, where he was held until being released on bail in June 2014. (Amd. Cmplt., Doc. 6 at 9.) He alleges that while incarcerated at the YCDF he was denied medical care for his broken ankle, asthma, high blood pressure, and post traumatic stress disorder ("PTSD") for 115 days. He contends he sent more than six medical kites about these medical issues, few were returned to him, and none offered any help.[2] He filled out three medical release forms but alleges they were all lost.[3]

After 115 days, Mr. Reinert states he was seen by a doctor from the Riverstone Health Clinic who told him he had likely suffered a broken ankle but due to the length of time since the injury, there was nothing they could do. No x-ray was taken but asthma medication was provided. His PTSD was never treated.

_____

[2]Mr. Reinert attached to his original complaint 15 medical request forms from his incarceration at YCDF. All appear to be answered and indicate Mr. Reinert was seen at least twice by mental health and was given an inhaler for his asthma. (Docs. 2-1 at 2, 4, 7.) He admits he was contacted by a counselor but because this individual was a former sheriff's office employee, he did not trust him. (Amd. Cmplt., Doc. 6 at 10.)

[3]The documents attached to Mr. Reinert's original complaint indicate that YCDF sent a medical request to his doctor in Florida but received no response. (Doc. 2-1 at 11.)

(Complaint, Doc. 2 at 6.)

Although Mr. Reinert alleged in his original Complaint that he received asthma medication after 115 days, in his amended complaint he alleged he was not provided medication for his asthma, high blood pressure, or PTSD for 160 days (the entire time he was initially incarcerated at the YCDF.) (Complaint, Doc. 2 at 10-11.)

Mr. Reinert raises denial of medical care claims against the Yellowstone County Sheriff, the head nurse of the YCDF extension of Riverstone Health, and Yellowstone County. He alleges Yellowstone County is the controlling entity of YCDF with the Sheriff acting as the county agent. He contends the head nurse for Riverstone Health is responsible for all health related issues. He argues the denial of adequate medical care falls on the County, the Sheriff, and Riverstone employees who allowed for so much time to lapse before medical care was provided. He alleges the County, the Sheriff, and the nursing staff at Riverstone knew of the lack of mental health care at YCDF, and were in a position to provide proper mental health care.

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

### A. Standard

Mr. Reinert is a prisoner proceeding in forma pauperis so the Court must

review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). In order to satisfy the requirements in Rule 8 a complaint's allegations must cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680

6

(2009).

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (*citing*

Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### B. Analysis

#### 1. Conditions of Confinement

Mr. Reinert brings his claims under both the Eighth and Fourteenth Amendments to the United States Constitution. For purposes of this Order, the Court will assume that Mr. Reinert was a pretrial detainee at all times relevant to his Complaint. A pretrial detainee's constitutional rights relative to conditions of confinement are addressed under the due process clause of the Fourteenth Amendment, rather than the Eighth Amendment's prohibition against cruel and unusual punishment applicable to convicted inmates. *Oregon Advocacy Center v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003).

In the past (and as relied upon by Magistrate Judge Ostby in her November 2, 2016 Order (Doc. 4)), in this case, it was assumed that the standard applicable to a pretrial detainee's conditions of confinement claims brought under the

8

Fourteenth Amendment was the same state of mind requirement as an Eighth

Amendment violation, i.e., subjective and deliberate indifference to a substantial

risk of serious harm. *See Clouthier v. Cty. of Contra Costa*, 591 F.3d 1232 (9th

Cir. 2010). However, that holding was first called into question by the United

States Supreme Court in a Fourteenth Amendment excessive force case. *Kingsley

v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). More recently, the Ninth Circuit

extended the *Kingsley* rationale to a Fourteenth Amendment failure-to-protect

claim. *Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc).

Although *Castro* did not expressly extend its holding to other Fourteenth

Amendment violations, other district courts in the Ninth Circuit have done so and

this Court sees no reason why the same rationale should not apply to other

Fourteenth Amendment conditions of confinement claims.

### a. Denial of Access to a Restroom

In order to proceed on his claim that he was denied access to a restroom in

violation of the Fourteenth Amendment, Mr. Reinert must allege,

> (1) the defendant made an intentional decision with respect to the
> conditions under which the plaintiff was confined; (2) those
> conditions put the plaintiff at substantial risk of suffering serious
> harm; (3) the defendant did not take reasonable available measures to
> abate that risk, even though a reasonable officer in the circumstances
> would have appreciated the high degree of risk involved—making the
> consequences of the defendant's conduct obvious; and (4) by not

taking such measures, the defendant caused the plaintiff's injuries. *Castro*, 833 F.3d at 1071. With respect to the third element, the defendant's conduct must be "objectively unreasonable." *Id. citing Kingsley*, 135 S.Ct. at 2473). This is a standard that is something "more than negligence but less than subjective intent—something akin to reckless disregard." *Castro*, 833 F.3d at 1071.

Courts in this and other districts have held that allegations similar to Mr. Reinert's involving a temporary delay in allowing a prisoner to use a restroom, fall short of establishing an Eighth Amendment claim. *See, e.g., von Koenigsberg-Tyrvaldssen v. Kohut*, 2017 WL 1277457 (D.Mont. Jan. 20, 2017)(isolated incidents of not having immediate access to a bathroom were insufficient to state a federal constitutional claim); *Samu v. Stewart*, 2011 WL 4074781, at *2 (W.D.Mich. Sept.13, 2011) (defendant's temporary refusal to allow the plaintiff, a 63–year old prisoner with a serious urinary medical condition, to use the bathroom was not a sufficiently serious deprivation under the Eighth Amendment); *Johnson v. McByrde*, 2010 WL 3059248 (W.D.Mich. Aug. 4, 2010) (defendant's refusal to allow plaintiff with a medical problem that caused him to urinate frequently to use the bathroom during a formal count, causing plaintiff to endure physical pain and to urinate on himself was insufficient to state a claim under the Eighth

Amendment); *Tolbert v. Sutton*, No. 06 C 0297, 2007 WL 2219082, *1 (S.D. Ill. Jul. 27, 2007) (no liability where inmate taking medication that caused frequent urination was denied use of a bathroom and wet himself); *see also Hartsfield v. Vidor*, 199 F.3d 305, 309–10 (6th Cir. 1999) (allegations that prisoner was denied use of a toilet for two separate 8–hour periods over two days did not state a claim for violation of the Eighth Amendment); *Gerst v. Arpaio*, 2012 WL 3228838 at *4 (D.Ariz., Aug. 6, 2012) ("[a]s to Plaintiff's claim that he was deprived of air conditioning, water, and the use of a bathroom for three hours, he has alleged a temporary inconvenience, not a "sufficiently serious" deprivation"); *Saenz v. Reeves*, 2012 WL 4049975 at *14 (E.D.Cal., Sept.13, 2012) ("denying Plaintiff access to a toilet and water for five and one half hours on one occasion and four and one half hours on a separate occasion, while he was kept in a holding cell, are not sufficient to rise to the level of a sufficiently serious deprivation to violate the Eighth Amendment"). Although these cases were decided under the Eighth Amendment, they inform analysis under the Fourteenth Amendment.

Mr. Reinert's Fourteenth Amendment claims regarding being denied access to a restroom for three hours are insufficient to state a claim upon which relief may be granted. While Mr. Reinert may certainly have experienced some discomfort, he does not allege the delay placed him in substantial risk of suffering serious

harm or actually caused him injury. Therefore, this claim will be recommended for dismissal.

### b. Denial of Medical Care

In accordance with *Kingsley*, 135 S.Ct. 2466 and *Castro*, 833 F.3d 1060, a pretrial detainee's Fourteenth Amendment claim for the denial of medical treatment must be supported by factual allegations which plausibly demonstrate that:

> (1) The plaintiff made a request for medical care; (2) The plaintiff had a serious medical need; (3) The defendant did not take reasonable steps to obtain or provide medical care, even though a reasonable officer (or reasonable medical staff) in the circumstances would have appreciated the high degree of risk involved—making the likelihood of harm obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Guerra v. Sweeny*, 2016 WL 5404407, *3 (E.D. Cal. 2016).

In Count I, Mr. Reinert alleges he made requests for medical care to Billings Police Department personnel that went unheeded. For purposes of this analysis, the Court presumes that he had serious medical conditions. Mr. Reinert has sufficiently alleged that Defendants Tucker, Krivitz, and Richardson did not take reasonable steps to obtain medical care for Mr. Reinert and thus contributed to his injuries. These Defendants will be required to respond to Mr. Reinert's denial of medical care claim.

In Count two, Mr. Reinert alleges he was also denied medical care for his ankle, asthma, high blood pressure, and PTSD while incarcerated at YCDF. While Mr. Reinert has possibly stated a denial of medical care claim against the nurse at Riverstone Health in 2013 with regard to denial of care for his ankle and mental health care, the Court cannot serve this individual without further information.

The Federal Rules of Civil Procedure include no provision "permitting the use of fictitious defendants." *McMillan v. Department of Interior*, 907 F.Supp. 322, 328 (D.Nev. 1995), aff'd, 87 F.3d 1320 (9th Cir. 1996); *see also Fifty Associates v. Prudential Ins. Co.*, 446 F.2d 1187, 1191 (9th Cir. 1970). "As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Nonetheless, a plaintiff must be afforded an opportunity to identify the unknown defendants through discovery, unless it is clear that discovery will not reveal their identities or the complaint must be dismissed for other reasons. *Id.* "While Doe pleading is disfavored, it is not prohibited in federal practice." *Lopes v. Vieira*, 543 F.Supp.2d 1149, 1152 (E.D.Ca. 2008).

Mr. Reinert explains that he is currently incarcerated and does not have the ability to collect the proper names of defendants. (Amd. Cmplt., Doc. 6 at 10.) When a plaintiff is not able to specifically name a defendant when he files his

complaint, he must provide sufficient information to enable the court and his opponents to know who he is trying to identify. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 390 n. 2 (1971); *Wakefield v. Thompson*, 177 F.3d 1160, 1162 n. 4 (9th Cir. 1999). Mr. Reinert has not provided sufficient information to enable the Court or Defendants to know who he is trying to identify. Mr. Reinert will be given an opportunity to conduct discovery to determine the identities of any unknown defendants and he may seek leave to file an amended complaint if he is successful in that regard.

### 2. Failure to Give *Miranda* Warnings, Denial of Counsel, and Failure to Document Injuries

Mr. Reinert alleges Billings Police Department Defendants failed to timely advise him of his *Miranda* rights and denied his requests to speak with an attorney. Mr. Reinert's allegations are unclear as to timing and details, but the failure to give *Miranda* warnings before conducting a custodial interrogation may be actionable under Section 1983 as a violation of substantive due process even if statements obtained in violation of *Miranda* are not used in court. *See California Attorneys for Criminal Justice v. Butts*, 195 F.3d 1039, 1045 (9th Cir. 1999); *Cooper v. Dupnik*, 963 F.2d 1220 (9th Cir. 1992). While a bare violation of *Miranda* is not enough to sustain a claim under Section 1983, *Cooper*, 963 F.2d at

1244, Mr. Reinert alleged the existence of other facts regarding that interrogation to sufficiently state a claim against Defendants Tucker, Krivitz, and Richardson.

However, Mr. Reinert's claims regarding Defendants' failure to document or catalogue his injuries cannot be addressed in this action. An inmate may not bring an action under § 1983 if its success would release the plaintiff from confinement or shorten its duration, *Preiser v, Rodriguez*, 411 U.S. 475, 500 (1973), or would necessarily imply the invalidity of the conviction or sentence, *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Where the plaintiff's success on a §1983 action would necessarily imply the invalidity of his underlying conviction or sentence, he must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck,* at 487–88. "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488.

Mr. Reinert alleges Defendants failed to catalogue his injuries on the night of his arrest in an attempt to deny him evidence to support his claim of innocence. According to his appellate brief filed with the Montana Supreme Court, Mr. Reinert was convicted of deliberate homicide on March 6, 2015. *State v. Reinert*,

Montana Supreme Court No. DA 15-0669. That conviction is currently on appeal to the Montana Supreme Court and therefore has not been reversed. This claim, therefore, must be recommended for dismissal without prejudice.

### 3. Defendants City of Billings and Yellowstone County

Mr. Reinert was previously advised by Order entered November 2, 2016 that municipal entities like the City of Billings and Yellowstone County have no respondeat superior liability under Section 1983; that is, the City and the County have no liability under the theory that it is liable simply because it employs a person who has violated plaintiff's rights. (Doc. 4 at 6 citing *Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1978).) He was advised that municipal entities such as the City or County can only be held liable under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort. *Id.* Mr. Reinert was given specific standards for establishing City or County liability, and he failed to present any facts to suggest that the City of Billings or Yellowstone County had a custom, policy or practice amounting to deliberate indifference to his constitutional rights.

In his Amended Complaint, Mr. Reinert alleges the unreasonable denial of access to a restroom is police department policy and he assumes that the disregard for detainees health must also be policy. (Amd. Cmplt., Doc. 6 at 8.) He also

16

alleges that the County knew about a lack of mental health care at YCDF. (Amd. Cmplt., Doc. 6 at 9.) These allegations are too vague and conclusory to support a *Monell* claim. *See Iqbal*, 556 U.S. at 681-82 (requiring specific allegations regarding the policies at issue in a civil rights case).

Mr. Reinert fails to specify which policy or custom was the "moving force" behind the alleged deprivation of his constitutional rights. *Bd. of County Commis of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 400, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). Instead, he alleges generally that the alleged unconstitutional acts committed by individual Defendants were pursuant to an unspecified official or unofficial policy. Such allegations fall far short of pleading a viable *Monell* claim, as they are vague, conclusory, and speculative. *See Twombly*, 550 U.S. at 555; *see also Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) ("The description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts."). Mr. Reinert has not alleged facts showing that the alleged policies and customs constituted formal policies of City or County policymakers, or were "practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). In fact, Mr. Reinert's *Monell* allegations are no more than generalizations from his own situation. A

17

single incident is insufficient to establish a custom. *See Davis v. City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989) ("A plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee."). Mr. Reinert's allegations are insufficient to state a *Monell* claim and must be dismissed for failure to state a claim. Mr. Reinert has already been given an opportunity to amend these claims and has failed to sufficiently do so. As such, the City of Billings and Yellowstone County should be dismissed.

### 4. Yellowstone County Sheriff

Similarly, the Yellowstone County Sheriff should be dismissed. Mr. Reinert's only claim against the Sheriff is that he was acting as a county agent. Mr. Reinert brings no specific allegations against the Sheriff. An individual can be held liable in their individual capacity under a theory of supervisory liability. "[A] plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011). Section 1983 will not impose liability on supervising officers under a respondeat superior theory of liability. *Monell*, 436 U.S. at 691-94. That is, a defendant cannot be held liable just because they supervise other employees. Instead,

supervising officers can be held liable under § 1983 "only if they play an affirmative part in the alleged deprivation of constitutional rights." *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987).

A supervisor may be liable: (1) for setting in motion a series of acts by others, or knowingly refusing to terminate a series of acts by others, which they knew or reasonably should have known would cause others to inflict constitutional injury; (2) for culpable action or inaction in training, supervision, or control of subordinates; (3) for acquiescence in the constitutional deprivation by subordinates; or (4) for conduct that shows a reckless or callous indifference to the rights of others. *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991).

Allegations against supervisors which resemble "bald" and "conclusory" allegations should be dismissed. *Hydrick v. Hunter*, 669 F.3d 937 (9th Cir. 2012). Allegations that a supervisory defendant had personal knowledge of a constitutional violation will be insufficient without "specific allegations regarding each Defendant's purported knowledge" of the violation. *Hydrick*, 669 F.3d at 942. Mr. Reinert provides no factual allegations against the Sheriff. He failed to allege "sufficient facts to plausibly establish the defendant's 'knowledge of' and 'acquiescence in' the unconstitutional conduct of his subordinates." *Hydrick*, 669 F.3d at 942 *citing Starr*, 652 F.3d at 1206–07.

Mr. Reinert was advised in the November 2, 2016 Order that he had to bring specific allegations regarding what each defendant did or did not do. (Doc. 4 at 14.) Specifically, he was advised that if he failed to "affirmatively link the conduct of a defendant with an injury suffered, the allegation against that defendant will be dismissed for failure to state a claim." *Id.* He failed to cure the deficiencies with his prior Complaint. As such, the Sheriff should be dismissed.

## III. CONCLUSION

The Court concludes dismissal of Mr. Reinert's claims against Defendants Tucker, Krivitz, and Richardson is not appropriate at this time. The Court will require these Defendants to make an appearance on Mr. Reinert's denial of medical care claim and denial of counsel/Miranda warning claims raised in Count One. Defendants Billings Police Department, Yellowstone County Detention Facility, Riverstone Health Clinic–Billings, City of Billings, Yellowstone County, and the Yellowstone County Sheriff will be recommended for dismissal. Mr. Reinert's claims of denial of access to a toilet and failure to document his injuries on December 21, 2013 should also be dismissed.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendants

Tucker, Krivitz, and Richardson to waive service of summons of Mr. Reinert's Amended Complaint by executing, or having counsel execute, the Waiver of Service of Summons.[4]  The Waivers must be returned to the Court within **thirty (30) days of the entry date of this Order as reflected on the Notice of Electronic Filing**.  If Defendants choose to return the Waiver of Service of Summons, their answer or appropriate motion will be due within **60 days of the entry date of this Order as reflected on the Notice of Electronic Filing**, pursuant to Fed. R. Civ. P. 12(a)(1)(B).  *See also* 42 U.S.C. § 1997e(g)(2).

    2.  The Clerk of Court shall forward the documents listed below to Defendants Tucker, Krivitz, and Richardson:

*     Complaint (Doc. 2);
*     November 2, 2016 Order (Doc. 4);
*     Amended Complaint (Doc. 6)
*     this Order;
*     a Notice of Lawsuit & Request to Waive Service of Summons; and
*     a Waiver of Service of Summons.

Counsel for Defendants must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed.  See D. Mont. L.R. 12.2.

    3.  Any party's request that the Court grant relief, make a ruling, or take an

---

[4]Defendants recommended for dismissal need not respond at this time.

21

action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

4. Pursuant to Local 26.1(d) "no party may begin discovery until a scheduling order has been issued."

5. At all times during the pendency of this action, Mr. Reinert must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1. Defendants Billings Police Department, YCDF, Riverstone Health Clinic–Billings, City of Billings, Yellowstone County, and the Yellowstone County Sheriff should be DISMISSED.

2. Mr. Reinert's claims regarding denial of access to a restroom should be DISMISSED WITH PREJUDICE.

3. Mr. Reinert's claims regarding a failure to document his injuries on December 21, 2013 should be DISMISSED WITHOUT PREJUDICE.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Reinert may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[5] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 16th day of August, 2017.

Jeremiah C. Lynch
United States Magistrate Judge

---

[5]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

RICHARD DOUGLAS REINERT, JR.,

Plaintiff,

vs.

BILLINGS POLICE DEPARTMENT,
YELLOWSTONE COUNTY
DETENTION FACILITY, and
RIVERSTONE HEALTH CLINIC,

Defendants.

CV 16-00154-BLG-DWM-JCL

Rule 4 Notice of a Lawsuit and
Request to Waive Service of
Summons

TO: Detectives Tucker, Krivitz, and Richardson
c/o Billings Police Department
220 North 27th Street
Billings, MT 59101

and

Billings City Attorney
210 N. 27th Street
Billings, MT 59101.

A lawsuit has been filed against you or individuals you may represent in this

Court under the number shown above. A copy of the Amended Complaint is

attached.

This is not a summons or an official notice from the court. It is a request

that, to avoid the cost of service by the U.S. Marshals Service, you waive formal

1

service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if Defendants were served on the date the waiver is filed, but no summons will be served on Defendants and Defendants will have 60 days from the date this notice is sent (see the date below) to answer the complaint.

If you do not return the signed waiver within the time indicated, the Court will order the U.S. Marshals Service to serve the summons and complaint on Defendants and may impose the full costs of such service.

Please read the statement below about the duty to avoid unnecessary expenses.

DATED this /6th day of August, 2017.

Jeremiah C. Lynch
United States Magistrate Judge

2

## Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| RICHARD DOUGLAS REINERT, JR., | CV 16-00154-BLG-DWM-JCL |
| Plaintiff, | |
| vs. | |
| | Rule 4 Waiver of the Service of Summons |
| BILLINGS POLICE DEPARTMENT, YELLOWSTONE COUNTY DETENTION FACILITY, and RIVERSTONE HEALTH CLINIC, | |
| Defendants. | |

TO:   The U.S. District Court for the District of Montana

The following Defendants acknowledge receipt of your request to waive service of summons in this case.  Defendants also received a copy of the Amended Complaint.  I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Amended Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____ ;   _____ ;

_____ ;   _____ ;

_____ ;   _____ ;

The above-named Defendants understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service.

Defendants also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to so default judgment will be entered against them.

Date: _____

_____
(Signature of the attorney
or unrepresented party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)