FILED

NOV 02 2017

Clerk, U.S Courts
District Of Montana
Missoula Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| RICHARD DOUGLAS REINERT, JR., <br><br> Plaintiff, <br><br> vs. <br><br> BILLINGS POLICE DEPARTMENT DETECTIVES TUCKER, KRIVITZ, and RICHARDSON, and JOHN DOE, Head Nurse in 2013 of Yellowstone County Detention Facility Branch of Riverstone Health, <br><br> Defendants. | CV 16–00154–BLG–DWM–JCL <br><br><br><br> ORDER |

United States Magistrate Judge Lynch entered a Findings and Recommendations on August 17, 2017, concluding dismissal of Plaintiff Richard Reinert's ("Reinert") claims against Detectives Tucker, Krivitz, and Richardson is not appropriate and recommending: (1) Defendants Billings Police Department, Yellowstone County Detention Facility, Riverstone Health Clinic-Billings, City of Billings, Yellowstone County, and the Yellowstone County Sheriff be dismissed from this action; (2) Reinert's claims of denial of access to a restroom be

1

dismissed with prejudice; and (3) Reinert's claims of failure to document his injuries on December 21, 2013 be dismissed without prejudice. (Doc. 10.)

Because Reinert did not file objections, Judge Lynch's conclusions are reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted).

Reinert named Defendants Billings Police Department, Yellowstone County Detention Facility, and Riverstone Health Clinic-Billings in the original Complaint. (Doc. 2 at 4-5.) Because Reinert did not name those Defendants in the Amended Complaint, and original pleadings are treated as "non-existent" after amendment, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citation omitted), Billings Police Department, Yellowstone County Detention Facility, and Riverstone Health Clinic-Billings will be dismissed.

Reinert named Defendants City of Billings and Yellowstone County in the Amended Complaint. (Doc. 6 at 1.) However, Reinert's vague and conclusory allegations are not sufficient to suggest that the City of Billings or Yellowstone County had a "policy, practice, or custom" amounting to deliberate indifference to

Reinert's constitutional rights. *See Connick v. Thompson*, 563 U.S. 51, 57 (2011). Accordingly, the City of Billings and Yellowstone County will be dismissed.

Reinert further named Defendant Yellowstone County Sheriff in the Amended Complaint. (Doc. 6 at 1.) Reinert's claims against the Yellowstone County Sheriff as supervisor are "bald" and "conclusory." *See Hydrick v. Hunter*, 669 F.3d 937, 941 (9th Cir. 2012) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). Reinert did not plausibly link the Yellowstone County Sheriff to his injuries and the Yellowstone County Sheriff will therefore be dismissed.

Reinert claims his due process rights were violated when he was denied access to a restroom for nearly three hours during interrogation. (Doc. 6 at 8.) As the delay did not place him "at substantial risk of suffering serious harm," *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc), Reinert has not stated a claim upon which relief may be granted. The claim will be dismissed with prejudice.

Reinert finally alleges that on December 21, 2013 there was a failure to document his injuries in an attempt to deny him evidence to support his claim of innocence. (Doc. 6 at 8.)

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence;

3

> if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Because a judgment in favor of Reinert "would necessarily imply the invalidity of his conviction," *see id.*, and his conviction is on appeal and has not been reversed, the claim of failure to document his injuries will be dismissed without prejudice.

Accordingly, IT IS ORDERED that Judge Lynch's Findings and Recommendations (Doc. 10) is ADOPTED-IN-FULL.

IT IS FURTHER ORDERED that Defendants Billings Police Department, Yellowstone County Detention Facility, Riverstone Health Clinic-Billings, City of Billings, Yellowstone County, and the Yellowstone County Sheriff are DISMISSED.

IT IS FURTHER ORDERED that Reinert's claims regarding denial of access to a restroom are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Reinert's claims regarding a failure to document his injuries on December 21, 2013 are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the caption is AMENDED as reflected above.

DATED this 2nd day of November, 2017.

Donald W. Molloy, District Judge
United States District Court